UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CELINA BENNETT,

    Plaintiff,

v.                                              Case No. 8:23-cv-573-WFJ-AAS

LUKE CHRISTOPHER GALER,

    Defendant.
_____/

## ORDER

Defendant Luke Christopher Galer moves for an order compelling non-parties Advanced Diagnostic Group, Florida Surgery Consultants | Spine & Orthopedics, and Grace Manor Suites (collectively, the non-parties)[1] to comply with their subpoenas *duces tecum*. (Doc. 19). Plaintiff Celina Bennett has no objection to the motion and the non-parties failed to respond.

## I. BACKGROUND

Ms. Bennett sued Mr. Galer for personal injuries arising from a motor vehicle accident. (*See* Doc. 1). On April 21, 2023 and May 5, 2023, Mr. Galer served Notices of Intent to Subpoena Non-Parties on Ms. Bennett's counsel. (*See* Doc. 19, Exs. A, B). Ms. Bennett did not object to the Notices and Ms. Galer

---

[1] Mr. Galer's withdrew his motion as to non-party Physicians Group, LLC. (*See* Doc. 20).

1

issued subpoenas *duces tecum* on the non-parties. (*See* Doc. 19, Exs. C, E, F). Service was properly obtained on the non-parties. (*See* Doc. 19, Ex. G). The non-parties did not respond or present at their depositions. (*See* Doc. 19, Ex. H). Mr. Galer now moves for order directing the non-parties to comply with the subpoenas or to find them in contempt and for an award of attorney's fees and costs against the non-parties. (Doc. 19).

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 45, subpoena-related motions must be filed in the district where compliance is required. Fed. R. Civ. P. 45(d)(2), (3). Because the place of compliance for the subpoenas at issue is Lakeland, Florida, Mr. Galer properly filed the present motion in this court. (*See* Doc. 19, Exs. C, E, F).

Rule 45 provides that a party may subpoena documents, ESI, or tangible things in a non-party's possession. Fed. R. Civ. P. 45(a)(1)(A)(iii). "The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26." *Digit. Assur. Certification, LLC v. Pendolino*, 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *8 (M.D. Fla. Sept. 29, 2017). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). The party seeking to enforce a subpoena has the burden of

proving the information sought is relevant. *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007). However, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

The party opposing a subpoena has the burden of proving that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Fadalla*, 258 F.R.D. at 504. Written objections may be served by the non-party, but the objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). "Typically, failure to serve written objections to a subpoena in the time provided by [Rule 45] waives any objections the party may have." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014); *see Gulati v. Ormond Beach Hosp.*, LLC, No. 6:18-cv-920-Orl-37TBS, 2018 WL 7372080, at *2 (M.D. Fla. Dec. 17, 2018) ("When a party fails to respond to discovery, or provides untimely responses, whatever objections it might otherwise have had are generally deemed waived.").

Along with not responding to the subpoenas, the non-parties also have not responded to this motion. The court deems the motion to be unopposed. *See*

3

Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel). After review of the unopposed motion and the attached subpoenas, the court finds the motion is supported by relevant authority and due to be granted.

Mr. Galer moves for sanctions against the non-parties for failure to respond to the subpoenas. (Doc. 19, pp. 4–5). Rule 45(g) provides that the court "may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "However, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Golden Krust Franchising, Inc. v. Clayborne*, No. 8:20-mc-104-T-33SPF, 2020 WL 7260774, at *2 (M.D. Fla. Dec. 10, 2020); *see also Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, No. 19-23059-CIV-WILLIAMS/TORRES, 2020 WL 10057924, at *2 (S.D. Fla. Oct. 30, 2020) ("Because the Court has now compelled the subcontractors to comply with Suffolk's subpoena within thirty (30) days, a motion for fees, on this basis, would be premature."). Accordingly, the court will not impose sanctions.

Mr. Galer also requests an award of his attorney's fees and costs in filing this motion against the non-parties. (Doc. 19, p. 5). "However, '[u]nlike Rule

4

37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena.'" *Golden Krust Franchising, Inc.,* 2020 WL 7260774 at *2 (citation omitted); *see also U.S. for Use & Benefit of Am. Builders & Contractors Supply Co., Inc. v. Great Am. Ins. Co.*, No. 3:12-mc-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012) ("Because the instant [Rule 45] motion involves a non-party, Rule 37 (which applies only to parties) is not applicable."). Thus, Mr. Galer cannot recover his attorney's fees and costs in filing this motion.

## III.  CONCLUSION

For these reasons, Mr. Galer's motion to compel and for contempt sanctions (Doc. 19) is **GRANTED in part and DENIED in part** as follows:

(1)  By **November 27, 2023**, Non-Parties Advanced Diagnostic Group, Florida Surgery Consultants | Spine & Orthopedics, and Grace Manor Suites must produce all documents in their current possession, custody, or control responsive to the subpoenas; and

(2)  Mr. Galer's requests for attorney's fees and costs and for contempt sanctions are denied.

The Clerk is **DIRECTED** to send a copy of this order to the non-parties at the following addresses:

(1)  Grace Manor Suites
     4620 N. Socrum Loop Rd.

       Lakeland, FL 33809

(2)    Advanced Diagnostics Group
        1121 Lakeland Hills Blvd
        Lakeland, FL 33805

(3)    Florida Surgery Consultants | Spine & Orthopedics
        3030 Rocky Point Drive W, Suite 665
        Tampa, FL 33607

**ORDERED** in Tampa, Florida October 27, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge